EASTERN DIST.
*April*, 1838.

BEHAN ET AL.
*vs.*
FAURES.

BEHAN ET AL. *vs.* FAURES.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Drunkenness in a slave is a vice of character, which, under the provisions of the Louisiana Code, is not redhibitory, so as to give rise to the redhibitory action.

So, viciousness and madness, resulting as a consequence from drunkenness in a slave, will not sustain the redhibitory action.

This is an action of redhibition. The plaintiffs allege that they purchased a negro man named Kit, from the defendant for one thousand dollars, and gave their promissory note therefor. That soon after the sale they discovered the slave was addicted to drunkenness, and was so vicious, wicked, and dangerous, when intoxicated, as to be unsafe to the numerous persons engaged about their premises; that instead of being an advantage, he was an inconvenience and injury to them; so much so, that had they known of his vices and defects, they would not have purchased him. They pray for a rescission of the sale and return of their note.

The defendant pleaded a general denial, and denied specially, that the vice complained of was a redhibitory one.

Upon these pleadings and issues, the cause was tried before the court and a jury.

The evidence was a little contradictory, but the jury were of opinion, the vice existed to a sufficient degree to affect materially the value of the slave, returned a verdict for the plaintiffs. After an unsuccessful attempt to obtain a new trial, the defendant appealed.

*Jones*, for the plaintiffs.

The verdict of the jury, and the judgment of the court below, should be affirmed on the following grounds.

1. In questions of fact, the Supreme Court will not disturb the verdict of the jury, or the judgment of the court below, unless manifestly erroneous. 2 *La. Reports*, 77, 151.

EASTERN DIST.
April, 1838.

BEHAN ET AL.
vs.
FAURES.

2. The redhibitory action for the rescission of the sale and return of the price of a slave, will be sustained for any defect or vice which renders the slave either absolutely useless, or its use so inconvenient and imperfect that it must be supposed the buyer would not have purchased with a knowledge of the vices. *Icar* vs. *Suares*, 7 *Louisiana Reports*, 517. *Louisiana Code*, 2496.

*Canon*, for the defendant, contended, that the vice of drunkenness in a slave, was not redhibitory, and that this action could not be maintained. *Louisiana Code*, 2505. 7 *Martin, N. S.*, 678.

2. The evidence in this case does not support the verdict and judgment, which should be reversed, and the suit dismissed.

*Carleton, J.*, delivered the opinion of the court.

This suit is brought to cancel the sale of a slave, sold by defendant to plaintiffs, with the usual guaranty against all the vices and maladies prescribed by law.

The grounds of redhibition charged in the petition, that the slave was addicted to drunkenness, was viciously inclined, and dangerous from the violence of his temper.

The defendant, for answer, denies generally, and avers, that the vices complained of are not redhibitory by law.

There was a verdict and judgment for the plaintiff, and defendant appealed.

If, as is contended for the plaintiff, the law gives the redhibitory action for the vices set out in the petition, yet it is by no means clear, from the testimony coming up with the record, that he has any just ground of complaint. We do not, however, express any opinion upon the question of fact; our attention has been mainly drawn to the law of the case, upon which we think there can be no doubt.

By article 2505 of the Louisiana Code, it is provided, that " the vice of character which gives rise to the redhibition of slaves, are confined to the cases in which it is proved, " that

the slave has committed a capital crime; or, that he is addicted to theft; or, that he is in the habit of running away."

EASTERN DIST.
April, 1838.

BEHAN ET AL.
vs.
FAURES.

In the case of Xenes vs. Taquino et al., it was settled, after a full examination of the subject, that drunkenness was a vice of character, (the mind,) and could not, therefore, under the limitation herein expressed, afford any ground for redhibition. 7 Martin, N. S., 678.

But the counsel for the plaintiffs has cited, and relies on the opinion of this court, in the case of Icar vs. Suares, 7 Louisiana Reports, page 519, where they say, " that a sale may be avoided on account of any vice or defect, which renders the thing either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed the buyer would not have purchased with a knowledge of the vice."

But in that case, it was alleged, that the slave was affected with madness, a vice declared by law to appertain to the body, and therefore came under the operation of the general provision contained in article 2496 of the Code, cited by the judge who delivered the opinion.

*Drunkenness in a slave is a vice of character, which under the provisions of the Louisiana Code, is not redhibitory, so as to give rise to the redhibitory action.*

The law of the two cases is widely different. The legislature has thought proper, when slaves are affected with bodily vices, to give the general relief, provided by that article of the Code; but in vices of the mind, the redhibitory action is limited to three, of which drunkenness is not one.

The other vices of which the slave is said to be affected, appear from the testimony, to be rather consequences of the first, and would not, if they existed independently, enable the purchaser to maintain this action.

*So, viciousness and madness, resulting as a consequence from drunkenness in a slave, will not sustain the redhibitory action.*

We think there is error in the judgment of the District Court.

It is, therefore, ordered, adjudged and decreed, that the verdict of the jury be set aside, that the judgment of the District Court be avoided and reversed; that there be judgment for the defendant, the plaintiff and appellee paying costs in both courts.